JUDGE DAVID BRIONES

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED

2009 MAY -4  PM 1:51

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
DEPUTY

| | |
|---|---|
| MARIA SANCHEZ § | |
| Plaintiff(s) § | |
| § | |
| v. § | Cause No. |
| § | **EP09CV0155** |
| NELSON WATSON & § | |
| ASSOCIATES, LLC; § | |
| LIBERTY MUTUAL INSURANCE § | |
| COMPANY; § | |
| and JOHN and/or JANE DOES 1-10 § | |
| Defendant(s) § | COMPLAINT |

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); the Texas Debt Collections Practices Act, Texas Finance Code Chapter 392.001 et. seq; and the Texas Deceptive Trade Practices Act, Business and Commerce Code §17.41 et. seq.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### PARTIES

4. Plaintiff MARIA SANCHEZ (hereinafter "SANCHEZ") is a natural person who resides here in the City of El Paso, County of El Paso, State of Texas, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Texas Finance Code 392.001(6).

5. Defendant NELSON WATSON & ASSOCIATES, LLC (hereinafter "NWA") is a collection agency operating from an address of 80 Merrimack Street, Lower Level, Haverhill, MA 01830, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Texas Finance Code 392.001(6). NWA can be served with process by mailing a copy of same to its registered agent, National Registered Agents, 200 W. Adams, Chicago, IL 60606.

*LAW OFFICE OF*

*SCOTT A.
VOGELMEIER*

1112 Myrtle Ave.
El Paso, TX 79901
(915) 544-3100
Fax: (915) 577-0160

LAW OFFICE OF

SCOTT A.
VOGELMEIER

1112 Myrtle Ave.
El Paso, TX 79901
(915) 544-3100
Fax: (915) 577-0160

6. Defendant LIBERTY MUTUAL INSURANCE COMPANY (hereinafter "LIBERTY") is a casualty and surety company operating from an address of 175 Berkeley St., Boston, MA 02116, and LIBERTY issued a bond to NWA in favor of all consumers injured as a result of the illegal collection activities of NWA. LIBERTY can be served with a copy of the Summons and Complaint by serving its Attorney-in-Fact Clark P. Fitz-Hugh at International Sureties, Ltd.,, 210 Baronne St., Suite 1700, New Orleans, LA 70112.

7. Texas Finance Code § 392.102 provides "[a] person who claims against a bond for violation of this chapter may maintain an action against the third-party debt collector or credit bureau and against the surety."

8. Defendants John and/or Jane Does No. 1-10 are employees of NWA and are collection agents and are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

9. The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants sued herein as JOHN and/or JANE DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such Defendants by such fictitious names. Plaintiff will seek permission from the court to amend this complaint to show the true names and capacities of such Defendants when the same have been ascertained. Plaintiff is informed and believes that each of the Defendants designated as a John or Jane Doe was in some manner responsible for the occurrences and injuries alleged herein.

10. At all times mentioned herein, each of the Defendants was the agent and employee of the other named Defendants, and in doing the things alleged were acting within the course and scope of such agency and employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the remaining named Defendants. All actions of each of the defendants were ratified and approved by the other named Defendants.

## FACTUAL ALLEGATIONS

11. Beginning in or around January 2009, SANCHEZ began receiving telephone calls from NWA, who was contacting SANCHEZ in an attempt to collect a debt on behalf of NWA's client, LVNV Funding, LLC.

12. Any such debt would have been for personal, family, or household purposes and as such is a consumer debt.

13. One such telephone collection attempt was made by an employee of NWA who identified herself only as "Kristen" who left a message on SANCHEZ' answering machine.

-2-

14. During the phone call referred to in paragraph 13 above, Kristen failed, as required by 15 U.S.C. § 1692e(11), to inform SANCHEZ that her call was an attempt to collect a debt and that any information obtained would be used for that purpose.

15. Kristen left call back numbers of 800-910-5536 extension 4456 and 800-218-8710 extension 4456 and stated to SANCHEZ that this matter "required[d] [SANCHEZ'] immediate attention."

16. SANCHEZ also received a call from an employee of NWA who identified himself as "Investigator Anthony Allen" who stated that there had "been a complaint filed here in my office naming you as a Defendant."

17. "Investigator Allen" left a call back number of 866-571-7616 and stated SANCHEZ should refer to "case number RED19852" and that SANCHEZ' failure to contact him would "result in court action being filed against [SANCHEZ]."

18. Investigator Allen further went on to state that the matter "was scheduled for the El Paso County Court."

19. As Kristen before him, NWA's employee "Investigator Allen" failed to inform SANCHEZ that he was attempting to collect upon a consumer debt and that any information would be used for that purpose.

20. Further, Allen's assertion that he was an "investigator" was nothing more than an attempt to falsely and deceptively make SANCHEZ believe, and she in fact did believe, that he was in some way affiliated with law enforcement.

21. Further, Allen's use of the words "complaint" and "Defendant," and further his assertion that the matter was scheduled for the El Paso County Court, were attempts to falsely and deceptively make SANCHEZ believe, and she did in fact believe, that a civil and/or criminal lawsuit had been filed against her in El Paso Coutny.

22. SANCHEZ also received a call from a NWA employee who referred to himself as Mr. Testaverde.

23. Mr. Testaverde, like Kristen and "Investigator Allen" before him, left a message on SANCHEZ' answering machine.

24. Mr. Testaverde left a call back number of 800-218-8710 and stated that this matter required SANCHEZ' immediate attention.

25. During the phone call referred to in paragraph 24 above, Mr. Testaverde failed, as required by 15 U.S.C. § 1692e(11), to inform SANCHEZ that his call was an attempt to collect a debt and that any information obtained would be used for that purpose.

LAW OFFICE OF

SCOTT A.
VOGELMEIER

1112 Myrtle Ave.
El Paso, TX 79901
(915) 544-3100
Fax: (915) 577-0160

26. SANCHEZ received also a call from NWA's employee who identified himself only as Kelsey.

27. During the phone call referred to in paragraph 26 above, Kelsey failed, as required by 15 U.S.C. § 1692e(11), to inform SANCHEZ that his call was an attempt to collect a debt and that any information obtained would be used for that purpose.

28. The conduct of Defendants and each of them in harassing Plaintiff in an effort to collect an alleged consumer debt by creating a false sense of urgency; by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt; by phoning Plaintiff and failing to provide Plaintiff with meaningful disclosure of the Defendant's identity;  by using  false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's alleged debt; by falsely representing or implying that the Defendant(s) is/are vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof; by falsely representing the character, amount, or legal status of Plaintiff's alleged debt; by threatening to take any action that cannot legally be taken or that was not intended to be taken; by falsely representing or implying that the Plaintiff had committed a crime or other conduct in order to disgrace the Plaintiff;  by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning Plaintiff; by failing to disclose in subsequent communications that the communication is from a debt collector; by using unfair or unconscionable means to collect or attempt to collect any debt; is violative of numerous and multiple provisions of the FDCPA including, but not limited to, 15 U.S.C. § 1692d; 1692e; and 1692e(1), (2)(A), (4), (5), (7), (10), and (11). Further, the acts of Defendants are violative of Texas Finance Code § 392.301(2), (6), and (8); 392.302 (2); 392.304 (5) (A), (5) (B),  (8), (9), and (19).

### *Summary*

29. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions.

### CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

LAW OFFICE OF

SCOTT A.
VOGELMEIER

1112 Myrtle Ave.
El Paso, TX 79901
(915) 544-3100
Fax: (915) 577-0160

31. The foregoing acts and omissions of each and every Defendant constitutes numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

32. As a result of each and every one of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## COUNT II

## TEXAS FINANCE CODE

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of each and every Defendant constitutes numerous and multiple violations of the Texas Finance Code, including, but not limited to, each and every one of the above-cited provisions of the Texas Finance Code § 392 et seq.

35. Plaintiff is entitled to recover both statutory and actual damages along with reasonable attorney's fees, and costs.

## COUNT III.

## DECEPTIVE TRADE PRACTICES ACT

36. Plaintiff would show the acts of Defendants herein are unconscionable actions or courses of action and therefore violative of section 17.41 et. seq. of the Texas Business and Commerce Code also known as the Texas Deceptive Trade Practices Act.

## TRIAL BY JURY

37. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant.

LAW OFFICE OF

SCOTT A. VOGELMEIER

1112 Myrtle Ave.
El Paso, TX 79901
(915) 544-3100
Fax: (915) 577-0160

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant.

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant.

- for an award of actual damages pursuant to Finance Code § 392.403(2) against each and every Defendant.

- For an award of treble damages pursuant to Finance Code § 392.404 which states a violation of the Texas Finance Code is a *per se* violation of section E of the Texas Deceptive Practices Act.

- for such other and further relief as may be just and proper.

Respectfully submitted,

_____
SCOTT A. VOGELMEIER
**Attorney for Plaintiff**
**State Bar No.: 24015139**
**1112 Myrtle Avenue**
**El Paso, Texas 79901**
**(915) 544-3100**
**(915) 577-0160 Facsimile**

LAW OFFICE OF

*SCOTT A.*
*VOGELMEIER*

1112 Myrtle Ave.
El Paso, TX 79901
(915) 544-3100
Fax: (915) 577-0160

```
Court Name: TEXAS WESTERN
Division: 3
Receipt Number: 300002058
Cashier ID: mgallego
Transaction Date: 05/04/2009
Payer Name: SCOTT A VOGELMEIER, ATTY
-------------------------------------
CIVIL FILING FEE
  For: MARIA SANCHEZ
  Amount:      $350.00
-------------------------------------
CHECK
  Check/Money Order Num: 2149
  Amt Tendered: $350.00
-------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

CIVIL FILING FEE

DTXW309CV000155-001-DB

MARIA SANCHEZ VS NELSON WATSON &
ASSOCIATES
```